UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUTHIE MILES, | ) |
| as parent/guardian of the minor child, | ) |
| P.B. | ) |
| and | ) |
| P.B., individually, | ) |
| 4100 East Capitol St., N.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| RUTHIE MILES, | ) |
| as parent/guardian of the minor child, | ) |
| R. B. | ) |
| and | ) |
| R. B., individually, | ) |
| 4100 E. Capitol St., N.E.. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| LATECHIA CHAMBERS | ) |
| as parent of the minor child, | ) |
| M.C. | ) |
| and | ) |
| M.C., individually, | ) |
| 1425 Cedar St., S.E. | ) |
| Washington, D.C.  20020 | ) |
| | ) |
| and | ) |
| | ) |
| CARMEN LARA, | ) |
| as parent/guardian of the minor child, | ) |
| W. C. | ) |
| and | ) |
| W. C., individually, | ) |
| 1333 Randolph Rd., N.W. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |

1

| | |
|---|---|
| SHERRIE EPPS, | ) |
| as parent/guardian of the minor child, | ) |
| N. E. | ) |
| and | ) |
| N. E., individually, | ) |
| 532 48th Pl., N.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| WALTER GEORGE, | ) |
| as parent/guardian of the minor child, | ) |
| K. G. | ) |
| and | ) |
| K. G., individually, | ) |
| 216 Q St., N.W. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| VELVET GRAY, | ) |
| as parent/guardian of the minor child, | ) |
| T.G. | ) |
| and | ) |
| T. G., individually, | ) |
| 4043 2nd St., S.W. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| RUTH ARGUETA, | ) |
| as parent/guardian of the minor child, | ) |
| F. H. | ) |
| and | ) |
| F. H., individually, | ) |
| 1244 Delafield Pl. N.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |

2

| | |
|---|---|
| RUTH ARGUETA, | ) |
| as parent/guardian of the minor child, | ) |
| J. H. | ) |
| and | ) |
| J. H., individually, | ) |
| 1244 Delafield Pl. N.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| JACQUELINE JOHNSON, | ) |
| as parent/guardian of the minor child, | ) |
| C. J. | ) |
| and | ) |
| C. J., individually, | ) |
| 1409 E. Capitol St., S.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| BERTINA FOX, | ) |
| as parent/guardian of the minor child, | ) |
| B. K. | ) |
| and | ) |
| B. K., individually, | ) |
| 1321 5th St., N.W. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| TINA PARKS, | ) |
| as parent/guardian of the minor child, | ) |
| J.P. | ) |
| and | ) |
| J.P. individually, | ) |
| 2204 Douglas St., N.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |

| | |
|---|---|
| CLAUDETTE AUSTIN-JOHNSON | ) |
| as parent/guardian of the minor child, | ) |
| R.S-J. | ) |
| and | ) |
| R.S-J. individually, | ) |
| 5529 13th St., N.W. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| MARY TAYLOR, | ) |
| as parent/guardian of the minor child, | ) |
| M.S. | ) |
| And M.S. individually, | ) |
| 4215 Hildreth St., S.E. | ) |
| Washington, D.C. | ) |
| | ) |
| and | ) |
| | ) |
| GAIL WILLIAMS | ) |
| as parent/guardian of the minor child, | ) |
| J.W. | ) |
| and | ) |
| J.W. individually, | ) |
| 305 Decatur Street, NE | ) |
| Washington, D.C. | ) |
| | ) |
| vs. | ) |
| | ) |
| GOVERNMENT OF THE DISTRICT OF | ) |
| COLUMBIA, | ) |
| A Municipal Corporation, | ) |
| | ) |
| Serve: Peter Nickles | ) |
|       Interim Attorney General | ) |
| | ) |
|       Defendant. | ) |
| | ) |

## COMPLAINT

## JURISDICTION

1. Jurisdiction of this Court is founded in the Individuals with Disabilities in Education Act, 28 U.S.C. 1331 and 20 U.S.C. 1400, et seq., (herein IDEA) and the Individuals with Disabilities in Education Improvement Act of 2004 (herein IDEIA) and 42 U.S.C. 1983, et seq.

## PARTIES

2. Each plaintiff is a minor child or the parent/guardian of a minor child. All Plaintiffs are or were residents of the District of Columbia during the time of the underlying administrative proceedings.

3. Defendant is a municipal corporation. As one of its governmental functions, defendant operates the District of Columbia Public Schools System (herein DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and is responsible for issuing checks in payment of reasonable attorney's fees and costs incurred by the plaintiffs in pursuing claims under IDEIA.

## FACTS

P.B.

4. On March 27, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of P.B. P. B. and her guardian, Ruthie Miles, were the prevailing parties in this proceeding.

5. On August 9, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $3,714.75.

6. On October 2, 2007, a payment of $553.25 was received for the invoice referenced in paragraph 5 above.

7. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $3,161.15.

R.B.

8. On March 27, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of R.B.  R. B. and her guardian, Ruthie Miles, were the prevailing parties in this proceeding.

9. On August 9, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $2,940.63.

10.  On October 2, 2007, a payment of $1,129.63 was received for the invoice referenced in paragraph 9 above..

11.  The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $1,811.00.

M.C.

12.   On May 9, 2008, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of M.C.  M.C. and her mother, Latechia Chambers, were the prevailing parties in this proceeding.

13.  On May 21, 2008, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $17,929.82.

14.   On June 20, 2008, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $533.92.

15.  On July 30, 2008, payment was received in the amount of $4,254.82 for the invoice referenced in paragraph 13 above.  No payment has been received for the invoice referenced in

paragraph 14 above.

16. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $14,208.92.

W.C.

17. On July 25, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of W. C.  W.C. and his mother, Carmen Lara, were the prevailing parties in this proceeding.

18. On September 5, 2006, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $7,723.53.

19. On June 12, 2007, pursuant to IDEIA, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $1,942.69.

20. On October 10, 2006, a payment of $4,136.03 was received for the invoice referenced in paragraph 18 above.  No payment has been received for the invoice referenced in paragraph 19 above.

21. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $5,530.19.

N. E.

22. On November 8, 2005, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of N. E.  N. E. and his mother, Sherrie Epps, were the prevailing parties in this proceeding.

23. On September 15, 2006, pursuant to IDEIA, a  petition for attorney's fees and costs was submitted to DCPS in the amount of $496.50.

24. To date no payment has been received for the invoice referenced in paragraph 23 above.

25. On August 31, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of N. E. N. E. and his mother, Sherrie Epps, were the prevailing parties in this proceeding.

26. On September 11, 2006, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $6,383.69.

27. On November 15, 2006, pursuant to IDEIA, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $635.67.

28. On October 10, 2007, a payment of $4,193.69 was received for the invoice referenced in paragraph 26 above.

29. On January 4, 2007, a payment of $20.67 was received for the invoice referenced in paragraph 27 above.

30. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $3,301.20.

K. G.

31. On November 4, 2004, January 7, 2005, and March 4, 2005, pursuant to IDEIA, administrative due process hearings were held concerning the special education needs of K. G. K. G. and his father, Walter George, were the prevailing parties in these proceedings.

32. On November 15, 2006, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $1,342.71.

33. On January 4, 2007, a payment of $41.21 was received for the invoice referenced in paragraph 32 above.

34. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $1,301.50.

T.G.

35. On February 2, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of T. G.  T. G. and her guardian, Velvet Gray, were the prevailing parties in this proceeding.

36. On September 4, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $879.66.

37. To date no payment has been received for the invoice referenced in paragraph 36 above.

38. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $879.66

F. H.

39. On December 8, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of F. H.  F. H. and his mother, Ruth Argueta, were the prevailing parties in this proceeding.

40. On January 16, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $8,983.38.

41. On June 27, 2007, pursuant to IDEIA, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $1,325.01.

42.  On March 6, 2007, a payment in the amount of $4,207.38 was received for the invoice referenced in paragraph 40 above.  No payment has been received for the invoice referenced in paragraph 41 above.

43. On August 31, 2007, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of F. H.  F. H. and his mother, Ruth Argueta, were the prevailing parties in this proceeding.

44. On September 21, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $5,591.77.

45. On June 18, 2008, a supplemental petition for attorney fees and costs was submitted to DCPS in the amount of $955.52.

46. On December 12, 2007, a payment of $4,114.77 was received for the invoice referenced in paragraph 44 above.  No payment has been received for the invoice referenced in paragraph 45 above.

47.   The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $8,533.53.

J. H.

48. On May 30, 2006, March 12, 2007, and May 22, 2007, pursuant to IDEIA, an administrative due process hearing was held  concerning the special education needs of J. H.  J. H. and his mother, Ruth Argueta, were the prevailing parties in this proceeding.

49. On June 28, 2006, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $4,735.66.

50. On June 12, 2007, pursuant to IDEIA, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $6,551.80.

51.   On June 20, 2008, a second supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $707.06.

52. On July 6, 2007, a payment of $4,315.80 was received for the invoice referenced in paragraph 49 above. No payments have been received for the invoices referenced in paragraphs 50 or 51 above.

53. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $7,678.72.

C. J.

54. On December 12 and 14, 2007, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of C. J. C. J and his mother, Jacqueline Johnson, were the prevailing parties in this proceeding.

55. On January 2, 2008, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $13,984.92.

56. On June 18, 2008, pursuant to IDEIA, a supplemental petition for attorney's fees and costs was submitted to DCPS in the amount of $1,833.86.

57. On February 21, 2008, a payment of $4,384.42 was received for the invoice referenced in paragraph 55 above. No payment has been received for the invoice referenced in paragraph 56 above.

58. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $11,434.36.

B.K.

59. On May 10, 2006, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of B. K. B. K. and his mother, Bertina Fox, were the prevailing parties in this proceeding.

60. On February 20, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $6,243.90

61. To date, no payment has been received for the invoice referenced in paragraph 60 above.

62. The outstanding amount of attorney's fees anc costs owed to Plaintiffs by Defendant is $6,243.90.

<u>J.P.</u>

63. On July 8, 2008, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of J. P.  J.P. and his mother, Tina Parks, were the prevailing parties in this proceeding.

64. On July 15, 2008, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $11,068.22.

65. To date, no payment has been received for the invoice referenced in paragraph 64 above.

66. The outstanding amount of attorney's fees anc costs owed to Plaintiffs by Defendant is $ 11,068.22.

<u>R. S-J.</u>

67. On July 1, 2008, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of R. S-J.  R. S-J. and her mother, Claudette Austin-Johnson, were the prevailing parties in this proceeding.

68. On July 15, 2008, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $11,897.75.

69. To date, no payment has been received for the invoice referenced in paragraph 68 above.

70. The outstanding amount of attorney's fees anc costs owed to Plaintiffs by Defendant is $ 11,897.75.

M. S.

71. On October 25, 2007, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of M. S.  M. S. and his guardian, Mary Taylor, were the prevailing parties in this proceeding.

72. On November 1, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $11,400.70.

73.  On June 18, 2008, pursuant to IDEIA, a supplemental petition for attorney fees and costs was submitted to DCPS in the amount of $5,883.63.

74. On December 20, 2007, a payment of $4,132.70 was received for the invoice referenced in paragraph 72 above.   No payment has been received for the invoice referenced in paragraph 73 above.

75. The outstanding amount of attorney's fees and costs owed to Plaintiffs by Defendant is $13,160.63.

J. W.

76. On May 22, 2006,  pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of J. W.  J. W. and his mother, Gail Williams, were the prevailing parties in this proceeding.

77. On June 27, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $1,705.55.

78. On July 23, 2007, a payment of $525.55 was received for the invoice referenced in paragraph 77 above.

79. On August 31, 2007, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of J. W. J. W. and his mother, Gail Williams, were the prevailing parties in this proceeding.

80. On September 20, 2007, pursuant to IDEIA, a petition for attorney's fees and costs was submitted to DCPS in the amount of $5,500.50.

81. On December 12, 2007, a payment of $4,086.92 was received for the invoice referenced in paragraph 80 above.

82. The outstanding amount of attorney's fees and costs owed to Plaintiffs concerning the above two hearings by Defendant is $2,593.58.

   WHEREFORE, Plaintiffs respectfully request that this honorable Court:

A. Find that the Defendant has, with respect to each plaintiff, deprived said plaintiff of rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. 1400 et seq.;

B. Award to each Plaintiff attorney's fees pursuant to IDEA and IDEIA as follows:

| Plaintiff | Amount |
|---|---|
| Ruthie Miles and P.B. | $ 3,161.15 |
| Ruthie Miles and R. B. | $ 1,811.00 |
| Latechia Chambers and MC | $ 14,208.92 |
| Carmen Lara and W.C. | $ 5,530.19 |
| Sherrie Epps and N. E. | $ 3,301.20 |
| Walter George and K. G. | $ 1,301.50 |
| Velvet Gray and T.G. | $ 879.66 |
| Ruth Argueta and F. H. | $ 8,533.53 |
| Ruth Argueta and J. H. | $ 7,678.72 |
| Jacqueline Johnson and C. J. | $ 11,434.36 |
| Bertina Fox and B. K. | $ 6,243.90 |

| | | |
|---|---|---|
| Tina Parks and J.P. | $ | 11,068.22 |
| Claudette Austin-Johnson and R. S-J. | $ | 11,897.75 |
| Mary Taylor and M.S. | $ | 13,160.63 |
| Gail Williams and J. W. | $ | 2,593.58 |

C.  Award to each Plaintiff prejudgment interest on each damage award;

D.  Award to each Plaintiff, pursuant to 42 U.S.C. Sec. 1988, et seq., the attorneys' fees and costs incurred by virtue of the instant lawsuit; and

E.  Award whatever other relief this honorable Court deems appropriate and just.


Respectfully submitted,


*Elizabeth T. Jester, Esq.*  
Elizabeth T. Jester, Esq.  
JESTER & WILLIAMS  
210 I St., N.E.  
Suite 100  
Washington, D.C. 20002  
Telephone:  202-546-4696  
Fax:  202-544-0031  
DC Bar Number 386813  

*James E. Williams, Esq.*  
James E. Williams, Esq.  
JESTER & WILLIAMS  
210 I St., N.E.  
Suite 100  
Washington, D.C. 20002  
Telephone: 202-546-4696  
Fax: 202-544-0031  
DC Bar Number 332213

08-1408
RWR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Ruthie Miles, as next friend of the minor, P.B., et al
1100

## DEFENDANTS
Government of the District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __D.C.__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Elizabeth T. Jester, Esq.
210 I (EYE) Street, NE
Washington, DC  20002
202-546-4696

Case: 1:08-cv-01408
Assigned To : Roberts, Richard W.
Assign. Date : 8/13/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

D.C. Twice

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ☒ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
IDEA, 20 U.S.C. 1400, et seq., lawsuit seeks awards of reasonable attorney fees arising from administrative hearings

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 102,802   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE August 11, 2008 /13   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.